IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

**COMPLAINT AND JURY TRIAL
DEMAND**

v.

VERIZON MARYLAND, INC.,
1 East Pratt Street
Baltimore, Maryland

Civil Action No.

and

VERIZON DELAWARE LLC, VERIZON NEW
ENGLAND INC., VERIZON NEW JERSEY INC.,
VERIZON NEW YORK INC., VERIZON
PENNSYLVANIA INC., VERIZON VIRGINIA
INC., VERIZON WASHINGTON, DC INC.,
VERIZON FLORIDA LLC, VERIZON SOUTH
INC., VERIZON CALIFORNIA INC.,  VERIZON
AVENUE CORP. D/B/A VERIZON ENHANCED
COMMUNITIES, VERIZON SERVICES CORP.,
VERIZON CORPORATE SERVICES CORP.,
VERIZON CONNECTED SOLUTIONS INC.,
VERIZON CORPORATE SERVICES GROUP
INC., VERIZON GLOBAL NETWORKS, INC.,
VERIZON ENTERPRISE DELIVERY LLC,
VERIZON NORTH RETAIN CO., VERIZON
SELECT SERVICES INC., VERIZON
TELEPRODUCTS CORP., EMPIRE CITY
SUBWAY COMPANY (LIMITED), GTE
SOUTHWEST D/B/A VERIZON SOUTHWEST,
AND TELESECTOR RESOURCES GROUP, INC.
D/B/A VERIZON SERVICES GROUP,
140 West St.
New York, NY 10007

      Defendants.

1

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices because of disability and to provide appropriate relief to Charging Parties and a class of aggrieved persons with disabilities who were adversely affected by such practices.  As alleged with greater particularity in paragraph 31 below, the U.S. Equal Employment Opportunity Commission ("the Commission" or "EEOC") alleges that Defendants Verizon Maryland Inc., Verizon Delaware LLC, Verizon New England Inc., Verizon New Jersey Inc.,  Verizon New York Inc., Verizon Pennsylvania Inc., Verizon Virginia Inc., Verizon Washington, DC Inc., Verizon Florida LLC, Verizon South Inc., Verizon California Inc., Verizon Avenue Corp. d/b/a Verizon Enhanced Communities, Verizon Services Corp., Verizon Corporate Services Corp., Verizon Connected Solutions Inc., Verizon Corporate Services Group Inc., Verizon Global Networks, Inc., Verizon Enterprise Delivery LLC, Verizon North Retain Co., Verizon Select Services Inc., Verizon TeleProducts Corp., Empire City Subway Company (Limited), GTE Southwest Inc., d/b/a Verizon Southwest, and Telesector Resources Group., Inc. d/b/a Verizon Services Group (hereinafter collectively referred to as "Verizon" or "Defendants") have discriminated against the Charging Parties and a class of disabled individuals by not making exceptions to their "no fault" attendance plans, even when legally required to do so in order to provide reasonable accommodation, a practice which has subjected employees covered under the ADA  to denial of effective reasonable accommodations, discipline, denials of transfers, and discharge.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by

reference  Sections 706(f)(1) & (3) and 707 of Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3) and 2000e-6; and Section 102 of the Civil Rights Act

of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the District of Maryland and other

jurisdictions.

## PARTIES

3.      Plaintiff, the United States Equal Employment Opportunity Commission (the

"Commission"), is the Agency of the United States of America charged with the administration,

interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this

action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference

Sections 706(f)(1)& (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3) and 2000e-6.

4.      At all relevant times, Defendant Verizon Maryland Inc. has continuously been a

Maryland corporation doing business in many states, including the State of Maryland, and has

continuously had at least 15 employees.

5.      At all relevant times, Defendant Verizon Delaware LLC, a wholly owned

subsidiary of Verizon Communications, Inc. has continuously been a Delaware corporation

doing business in many states, including the State of Delaware, and has continuously had at least

3

15 employees.

6.      At all relevant times, Defendant Verizon New England Inc. has continuously been a New York corporation doing business in many states, including the State of Massachusetts, and has continuously had at least 15 employees.

7.      At all relevant times, Defendant Verizon New Jersey Inc. has continuously been a New Jersey corporation doing business in many states, including the State of New Jersey, and has continuously had at least 15 employees.

8.      At all relevant times, Defendant Verizon New York Inc. has continuously been a New York corporation doing business in many states, including the State of New York, and has continuously had at least 15 employees.

9.      At all relevant times, Defendant Verizon Pennsylvania Inc. has continuously been a Pennsylvania corporation doing business in many states, including the State of Pennsylvania, and has continuously had at least 15 employees.

10.     At all relevant times, Defendant Verizon Virginia Inc. has continuously been a Virginia corporation doing business in many states and the Commonwealth of Virginia and has continuously had at least 15 employees.

11.     At all relevant times, Defendant Verizon Washington, DC Inc. has continuously been a New York corporation doing business in many states, including the District of Columbia, and has continuously had at least 15 employees.

12.     At all relevant times, Defendant Verizon Florida LLC has continuously been a Florida corporation doing business in many states, including the State of Florida, and has continuously had at least 15 employees.

4

13.     At all relevant times, Defendant Verizon South Inc. has continuously been a Virginia corporation doing business in many states, including the State of Virginia, and has continuously had at least 15 employees.

14.     At all relevant times, Defendant Verizon California Inc. has continuously been a California corporation doing business in many states, including the State of California, and has continuously had at least 15 employees.

15.     At all relevant times, Defendant Verizon Avenue Corp. D/B/A Verizon Enhanced Communities has continuously been a Delaware corporation doing business in many states, including the State of Maryland, and has continuously had at least 15 employees.

16.     At all relevant times, Defendant Verizon Services Corp. has continuously been a Delaware corporation doing business in many states, including the State of Maryland, and has continuously had at least 15 employees.

17.     At all relevant times, Defendant Verizon Corporate Services Corp. has continuously been a Delaware corporation doing business in many states, including the State of Maryland, and has continuously had at least 15 employees.

18.     At all relevant times, Defendant Verizon Connected Solutions Inc. has continuously been a Delaware corporation doing business in many states, including the State of Maryland, and has continuously had at least 15 employees.

19.     At all relevant times, Defendant Verizon Corporate Services Group Corp. has continuously been a New York corporation doing business in many states, including the State of Maryland, and has continuously had at least 15 employees.

20.     At all relevant times, Defendant Verizon Global Networks, Inc. has continuously been a Delaware corporation doing business in many states, including the State of Maryland, and has continuously had at least 15 employees.

21.     At all relevant times, Defendant Verizon Enterprise Delivery LLC has continuously been a Delaware corporation doing business in many states, including the State of Maryland, and has continuously had at least 15 employees.

22.     At all relevant times, Defendant Verizon North Retain Co. has continuously been a Pennsylvania corporation doing business in many states, including the State of Pennsylvania, and has continuously had at least 15 employees.

23.     At all relevant times, Defendant Verizon Select Services Inc. has continuously been a Delaware corporation doing business in many states, including the State of Maryland, and has continuously had at least 15 employees.

24.     At all relevant times, Defendant Verizon Teleproducts Corp. has continuously been a Delaware corporation doing business in many states, including the State of Maryland, and has continuously had at least 15 employees.

25.     At all relevant times, Defendant Empire City Subway Company (Limited) has continuously been a New York corporation doing business in many states, including the State of New York, and has continuously had at least 15 employees.

26.     At all relevant times, Defendant GTE Southwest D/B/A Verizon Southwest has continuously been a Delaware corporation doing business in many states, including the State of Texas, and has continuously had at least 15 employees.

6

27.    At all relevant times, Defendant Telesector Resources Group Inc., D/B/A Verizon Services Group, has continuously been a Delaware corporation doing business in many states, including the State of New York, and has continuously had at least 15 employees.

28.    At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

29.    At all relevant times, Defendants have been covered entities within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

30.    More than thirty days prior to the institution of this lawsuit, Carla Jones and Armando Ferrera filed charges of discrimination with the Commission alleging violations of the ADA by Defendants.  Charges alleging similar violations by Defendants were subsequently filed. All conditions precedent to the institution of this lawsuit have been fulfilled.

31.    Since at least June 30, 2000, Defendants have engaged in a continuing course of unlawful employment practices at their facilities in Maryland and throughout the United States in violation of Sections 102(a), (b)(1), & (b)(5)(A) of the ADA, 42 U.S.C. §§ 12112(a), (b)(1), & (b)(5)(A), as outlined below:

a.    Charging Parties and a class of employees and former employees have disabilities within the meaning of the ADA, 42 U.S.C. § 12102(2), and are qualified individuals with disabilities under the ADA, 42 U.S.C. 12111(8), who sought leave as reasonable accommodation

7

from Defendant related to their disabilities;

      b.      At all relevant times, Defendants have had and continue to have "no fault" attendance policies which provide for progressive discipline for non-managerial employees. These plans contain multiple steps of discipline (up to and including discharge) for all absences, including absences caused by an employee's disability, except for certified leave under the Family Medical Leave Act (FMLA), jury or military duty, death in the immediate family, or excused time without pay. Defendants' plans all mandate that when an employee accumulates a designated number of "chargeable absences" an employee is placed on a disciplinary "step" and additional "chargeable absences" during such step period result in the placement of the employee in the next step, which has more serious consequences, up to termination. Defendants' plans have no exceptions for qualified individuals with disabilities whose "chargeable absences" are caused by their disabilities and the plans do not have any provision for reasonable accommodation of such individuals covered under the ADA;

      c.      In the application of the "no fault" plans, Defendants do not make provisions to reasonably accommodate employees covered under the ADA who incur chargeable absences as a result of their disabilities, despite accommodation requests made by such ADA-protected employees. Through policy and practice, Defendants have subjected a class of qualified individuals with disabilities to denial of reasonable accommodation, discipline, discharge, and other adverse employment consequences in violation of the ADA.

      32.      The effect of the practices complained of in paragraph 31 above, has been to deprive Charging Parties and a class of employees and former employees covered by the ADA of equal employment opportunities and otherwise adversely affect their status as employees

8

because of their disabilities.

33.     The unlawful employment practices complained of in paragraph 31 above were intentional.

34.     The unlawful employment practices complained of in paragraph 31 above were done with malice or with reckless indifference to the federally protected rights of the Charging Parties and the class of employees and former employees covered by the ADA.

## **PRAYER FOR RELIEF**

Wherefore, EEOC respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability.

B.     Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and that eradicate the effects of its past and present unlawful employment practices, including but not limited to requiring that Defendants (i) amend their "no fault" attendance policies to state that Defendants must make exceptions to the policy when required by the ADA as a reasonable accommodation for employees with disabilities; (ii) publicize that amendment to all present and future employees; (iii) adhere to the amendment; and (iv) notify all former employees discharged under the attendance policy before it was amended of this action, its disposition, and the amendment.

C.     Order Defendant to make whole Charging Parties and a class of employees and former employees covered by the ADA by providing appropriate backpay with prejudgment

9

interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to frontpay and reinstatement.

       D.      Order Defendant to make whole Charging Parties and a class of employees and former employees covered by the ADA by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to any job search expenses, and medical expenses not covered by the Defendant's employee benefit plan, and other pecuniary losses, in amounts to be determined at trial.

       E.      Order Defendant to make whole Charging Parties and a class of employees and former employees covered by the ADA by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial.

       F.      Order Defendant to pay Charging Parties and a class of employees and former employees covered by the ADA punitive damages for its malicious and reckless conduct, as described above, in an amount to be determined at trial.

       G.      Grant such further relief as the Court deems necessary and proper in the public interest.

       H.      Award EEOC its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Philadelphia District Regional Attorney

MARIA SALACUSE (Bar No. 15562)
Supervisory Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland  21201
(410) 209-2733 (phone)
(410) 962-4270 (fax)

11